IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANKOLE Q. ADEMOLA, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-26-KAP |
| LEONARD ODDO, WARDEN, | : |
| MOSHANNON VALLEY PROCESSING | : |
| CENTER, *et al.*, | : |
|     Respondents | : |

### Memorandum Order

The petition at ECF no. 6 is dismissed for lack of jurisdiction and the motion at ECF no. 15 is denied for lack of merit: with no petition within this court's habeas jurisdiction the auxiliary motion for preliminary relief must be denied. *See* Delaware State Sportsmen's Ass'n, Inc. v. Delaware Department of Safety & Homeland Security, 108 F.4th 194, 203 (3d Cir. 2024), *cert. denied sub nom.* Gray v. Jennings, 145 S. Ct. 1049, 220 L. Ed. 2d 380 (2025)(explaining that a court must weigh all the factors before *granting* preliminary relief but that absence of any one factor, including probability of success on the merits, justifies denial of preliminary relief.)

The Clerk shall mark this matter closed. This is a final appealable order.

The dismissal of the petition for a writ of habeas corpus on the basis of lack of jurisdiction is without prejudice to petitioner Ademola filing an appropriate civil suit. *See* Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012). But to consider a petition attacking an inmate's custody on the basis of the conditions of confinement (here, an alleged assault by a fellow inmate) to be within the scope of habeas corpus because it asks for release as a remedy is what the Court of Appeals rejects as "clever pleading [that] would essentially permit a prisoner to bring any claim within the scope of habeas relief by merely asking for release from custody." Gillette v. Territory of Virgin Islands, 563 Fed. Appx 191, 195 (3d Cir. 2014), *citing* Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012).

Petitioner Ademola, a citizen of Nigeria detained pending removal proceedings at the Moshannon Valley Processing Center, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3), ECF no. 6, followed by a motion styled as a motion for a temporary restraining order, ECF no. 15. The petition seeks release on the grounds that petitioner was assaulted by a fellow inmate on October 3, 2024 and that petitioner's conditions of detention at Moshannon Valley are therefore intolerable. The motion seeks an order forbidding petitioner's transfer from Moshannon Valley pending the decision on his petition.

In Hope v. Warden York County Prison, 972 F.3d 310 (3d Cir.2020), the court of Appeals held – in a decision the application of which has not been expanded beyond the unique facts before the court - that the conditions of confinement of immigration detainees held in custody during the epidemic stage of Covid-19 could be examined in a habeas petition under Section 2241, but cautioned that by recognizing the power of a court to issue interlocutory relief in habeas matters "we are not creating a garden variety cause of action." Hope v. Warden York County Prison, *supra*, 972 F.3d at 324. One significant consequence of the continuing distinction between garden variety civil complaints and habeas petitions is that petitioner's unsupported assertions about the conditions of his confinement, no matter how serious, are not entitled to the presumption of truth used in deciding motions under Fed.R.Civ.P 12(b)(6) or screening complaints under the Prison Litigation Reform Act. A habeas petitioner unlike the usual civil litigant is not entitled to the relatively leisurely process of making claims and searching for facts to support them that ends in a hearing to determine whether there is sufficient evidence to support the desired result. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule 2), applicable to Section 2241 petitions through Habeas Rule 1(b), requires the petitioner to set forth all the claims he intends to present **and the facts that support those claims**. *See* Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting with approval the Advisory Committee's Note on Habeas Corpus Rule 4, that "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). One reason for that is that habeas corpus is a summary proceeding, not a general civil matter, and a habeas petitioner unlike the usual civil litigant is not entitled to discovery as a matter of course. Stedcke v. Shinn, 2021 WL 2138795 at *1 (D. Ariz. May 26, 2021), *citing* Bracy v. Gramley, 520 U.S. 899, 904 (1997) and Habeas Rule 6(a), and *quoting* Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999)("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." (internal quotations and citations omitted)).

Petitioner has provided support for a colorable claim that he was assaulted. He can litigate that in a civil action. Petitioner's conclusion that as result of the alleged assault his continued detention is intolerable and the only remedy that will cure his unconstitutional conditions of confinement is release would not be sufficient even if this court had jurisdiction in habeas.

DATE: August 13, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Bankole Quadri Ademola A-219-592-164
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866